1
2
3
4

**GREENBERG TRAURIG, LLP**
**ATTORNEYS AT LAW**
**SUITE 700**
**2375 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**(602) 445-8000**

5
6
7

Nicole M. Goodwin, SBN 024593; goodwinn@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Attorneys for Defendants Robert Binkley, Hoyt Neal,*
*Pravati SPV II, LLC; Pravati Capital, LLC; Arbitrage*
*Capital Ventures, LLC; and Binkley Properties, LLC*

8

UNITED STATES DISTRICT COURT

9

DISTRICT OF ARIZONA

10
11
12

Justin G. Randolph, individually, and The
Law Office of Justin G. Randolph, an
Illinois Corporation,

Case No. 2:21-cv-00713-SRB

13

                              Plaintiffs,

14

v.

15
16
17
18
19
20

Pravati SPV II, LLC, a Delaware limited
liability company; Pravati Capital, LLC, a
Delaware limited liability company;
Arbitrage Capital Ventures, LLC, a
Delaware limited liability company;
Binkley Properties, LLC, an Arizona limited
liability company; Alexander Chucri, an
individual; Robert Binkley, an individual;
Hoyt Neal, an individual; Ian Abaie, an
individual,

**MOTION TO DISMISS PURSUANT**
**TO FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(1) BY**
**DEFENDANTS ROBERT BINKLEY,**
**HOYT NEAL, PRAVATI SPV II, LLC;**
**PRAVATI CAPITAL, LLC;**
**ARBITRAGE CAPITAL VENTURES,**
**LLC; AND BINKLEY PROPERTIES,**
**LLC**

**(Oral Argument Requested)**

21

                              Defendants.

22
23
24
25
26

        Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Hoyt Neal,

Pravati SPV II, LLC ("Pravati"); Pravati Capital, LLC; Arbitrage Capital Ventures,

LLC; Robert Binkley, and Binkley Properties, LLC (collectively, "Movants"),[1] hereby

move to dismiss the claims filed against them in this matter by Plaintiffs Justin G.

27
28

---

[1] Defendants Alexander Chucri and Ian Abaie have not yet been served in this
proceeding.

59165278

Randolph, and the Law Office of Justin G. Randolph, an Illinois Corporation. [Docket No. 7] because they are subject to mandatory arbitration.

## I.    INTRODUCTION

This federal lawsuit is a collateral attack on an arbitration proceeding that resulted in a final award, and is on the eve of confirmation in state court.  Plaintiff Justin G. Randolph is a licensed attorney who applied for and received funding from Pravati, a funder of law firms.  Following more than two years of litigation, Randolph was the unsuccessful party to an arbitration proceeding before the American Arbitration Association ("AAA") Arbitration under Case No. 01-19-0001-4311 (the "Arbitration") concerning the obligations owed to Pravati.  Pravati was the prevailing party and received an award in the amount of more than $250,000, representing unpaid principal, interest and attorneys' fees owed to Pravati (the "Final Award").  The Final Award is now pending confirmation in the Arizona Superior Court as case no. CV2019-014865.

In the Arbitration, the Final Award found, *inter alia*, that Randolph had engaged in conversion against Pravati.  Randolph fully appeared in that proceeding, which encompassed two separate arbitration hearings, and raised substantive defenses. Randolph's defenses were soundly rejected, and Pravati prevailed.

Plaintiffs have now filed this federal lawsuit, and a related separate state law action in the Superior Court of Arizona in and for Maricopa County as Case No. CV2021-006612 (collectively with this case, the "Collateral Cases") in an attempt to forestall confirmation and collection efforts by Pravati for the substantial sums Randolph has been already adjudicated to owe.  Plaintiff's efforts have spanned more than two years of protracted arbitration, confirmation, remanded arbitration, and confirmation-on-remand.

In the instant matter, Plaintiffs have sued not only the Pravati fund from which they converted funds, but also the fund manager (Pravati Capital, LLC), certain individual Pravati employees (Hoyt Neal, Ian Abaie), a passive investor (Binkley

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

59165278

Properties, LLC) and its member, individually (Robert Binkley).

Rather than dismissing this litigation once Pravati sought confirmation of the Final Award in state court, or simply challenging the award in that forum, Plaintiffs have continued with this collateral litigation for the apparent purpose of embarrassing Pravati, and/or exerting undue settlement pressure upon Pravati. The parties have been through the arbitration process in two separate hearings and Randolph failed to raise these claims. Yet both Collateral Cases purport to take issue with the Arbitrator's findings and attempt to raise untimely claims that were waived when they were not raised in the Confirmation Proceeding and/or in the Arbitration during the more than two years during which these proceedings have been underway.

In any event, Randolph agreed to arbitrate his claims against Pravati. That agreement encompasses the current claims, and an arbitration proceeding is the appropriate venue to determine any claims that Plaintiffs purport to still possess. To the extent Plaintiffs have any other grievances to raise against Defendants, those claims are undoubtedly subject to mandatory arbitration. In arbitration, the arbitrator can determine the applicable preclusive effect of the prior proceedings, navigate waiver issues, and determine any remaining issues.

## II.    FACTS AND PROCEDURAL HISTORY

This improper collateral litigation arises following several years of legal proceedings between Randolph and Pravati stemming from a December 21, 2017 Law Firm Legal Funding Contract & Security Agreement (the "Agreement") whereunder Pravati agreed to and ultimately did provide Randolph with more than $183,960.00 in funding. *See* Law Firm Legal Funding Contract & Security Agreement dated December 21, 2017, at true and correct copy is attached hereto as Exhibit A, pg. 1 and 18.

Although Plaintiff entered into the Agreement with Pravati as "Law Office of Justin G. Randolph, an Illinois corporation," the Arbitrator ruled in *Prehearing Order No. 1* that "Mr. Randolph conceded at the time the contract was executed, his law practice was a sole proprietorship. Accordingly, his signature was as 'Owner' and not

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

59165278

as a corporate officer. Nor was he in the process of incorporating . . . .  Therefore, <u>the designation of the recipient of Claimant's funding as a corporation is of no consequence and Mr. Randolph entered into the transaction in his personal capacity</u>." *See* Prehearing Order No. 1 dated October 3, 2019 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit B</u>, pg. 1 (emphasis supplied); *see also* Final Award of Arbitrator dated October 22, 2019 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit C</u>, at ¶¶ 1-2.

The Agreement includes, at Section 21, a broad arbitration provision. It provides, in part, that "all Disputed Claims, which shall include any dispute, controversy or claim that may arise between or among them in connection with, arising out of, or otherwise relating to this Agreement . . . shall be finally, conclusively and exclusively settled by binding arbitration in the State of Arizona in accordance with the arbitration rules (the 'Rules') of the American Arbitration Association." *See* <u>Exhibit A</u>, § 21(a).

On May 8, 2019, Pravati initiated the Arbitration Proceeding by filing a *Demand for Arbitration* ("Initial Demand") against Justin G. Randolph and Stephanie A. Sylverne, husband and wife, d/b/a Law Office of Justin G. Randolph, for (1) breach of the Agreement; (2) breach of the covenant of good faith and fair dealing implied in the Agreement; and, alternatively, (3) unjust enrichment. *See* Demand for Arbitration dated May 8, 2019 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit D</u>. On October 7, 2019, in accordance with the Arbitrator's *Report of Initial Prehearing Conference and Initial Scheduling Order* dated September 12, 2019 (the "Scheduling Order"), Pravati timely served its *Statement of Position* ("Statement of Position") as required by Section 21(d) of the Agreement. *See* Claimant's Statement of Position dated October 7, 2019 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit E</u>. Pravati therein submitted, *inter alia*, the

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

4

following claims for the evidentiary hearing: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) conversion; (5) an equitable claim for a full accounting; (6) imposition of a constructive trust; (7) imposition of a receivership; and (8) an alternative, equitable claim for unjust enrichment. (*Id*.).

Following the evidentiary hearing on October 15, 2019, the Arbitrator on October 22, 2019 issued the reasoned *Final Award of Arbitrator* (the "Initial Award") finding Randolph liable to Pravati for, *inter alia*, "[c]ompensatory damages for breach of contract, fraud, and conversion, in the amount of $183,960, plus interest." (*See* Exhibit C, ¶¶ 5, 7, 12).

Thereafter, Pravati filed a *Petition for Judgment on Arbitration Award and Motion to Confirm the Same* with the Superior Court of Arizona in and for Maricopa County (the "Superior Court"), thereby commencing Case No. CV2019-014865 (the "Confirmation Proceeding"). Randolph has filed three separate Motions to Vacate or Modify the Award in the Confirmation Proceeding arguing that the Arbitrator lacked jurisdiction, "violated the ADR rules," and "show[ed] a lack of neutrality." *See* Respondent's Corrected Motion and Memorandum in Support of Respondents Request to Vacate or Modify Arbitration Award dated February 6, 2020 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as Exhibit F; Respondent's Memorandum in Opposition to Petitioner's Motion for Reconsideration or Motion to Submit Undecided Claims to Arbitration dated August 22, 2020 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as Exhibit G; and Respondent's Motion to Vacate or Modify Amended Award dated October 5, 2020 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as Exhibit H. The Superior Court ultimately concluded that "[w]ith the exception of one issue, the Court finds that Respondents' several arguments are not well-taken. Respondents have not demonstrated that the

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

5

Arbitrator exceeded his authority under the Agreement, violated the ADR rules, or lacked neutrality." *See* Court's Minute Entry Ruling dated June 29, 2020 filed in Maricopa County Superior Court Case No. CV2019-014865, a true and correct copy of which is attached hereto as <u>Exhibit I</u>, pg. 2. As to the one issue with which the Court did agree, the Court ordered the Arbitrator to amend the Initial Award by removing determinations upon claims added via Pravati's Amended Demand and, later, remanded those claims to the Arbitrator for rehearing. *See* <u>Exhibit I</u>, pg. 4-5; Court's Minute Entry Ruling dated October 8, 2020 filed in Maricopa County Superior Court Case No. CV2019-014865, a true and correct copy of which is attached hereto as <u>Exhibit J</u>, pg. 2; and Amended Final Award of Arbitrator dated July 8, 2020 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit K</u>.

The claims of fraud and conversion were the subject of a *second* evidentiary hearing held on May 5, 2021. The Arbitrator issued the Final Award less than two months ago, on June 7, 2021. The Arbitrator again found in favor of Pravati, this time on its conversion claim. All told, the Arbitrator awarded Pravati damages of more than $250,000. Pravati has filed the Final Award with the Superior Court, which retains jurisdiction over the Confirmation Proceeding. *See* Second Amended Final Award of Arbitrator dated June 7, 2021 filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as <u>Exhibit L</u>.

Plaintiffs filed the Collateral Cases on April 23, 2021 and April 22, 2021, respectively – just days before the May 5, 2021 evidentiary hearing on remand in the Arbitration, whereupon Pravati would present evidence supporting its claims for fraud and conversion. [Docket No. 1]. *See* Notice of Lawsuit and Complaint for Declaratory and Other Equitable Relief dated April 22, 2021 filed in Maricopa County Superior Court Case No. CV2021-006612, a true and correct copy of which is attached hereto as <u>Exhibit M</u>.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) "is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision." *Filimex, L.L.C. v. Novoa Investments, L.L.C.*, No. CV 05-3792-PHX-SMM, 2006 U.S. Dist. LEXIS 56039, 2006 WL 2091661, at *2 (D. Ariz. July 17, 2006) (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (holding that as long as the party made clear that it was seeking enforcement of the arbitration clause in its motion to dismiss, it had sufficiently "invoke[d] the full spectrum of remedies under the FAA")); *see also Interactive Flight Technologies, Inc. v. Swissair Swiss Air Transport Co., Ltd.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (citing the Supreme Court's holding in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000)).

When a defendant moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff, as the party seeking to invoke the court's jurisdiction by filing the complaint, bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As a general rule, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a Rule 56 motion for summary judgment. *See Smith v. MCI Telecommunications Corp.*, 825 F.2d 257, 259 (10th Cir. 1987). Unlike the strict limitations under 12(b)(6) against considering matters outside the complaint, this Court on a 12(b)(1) motion "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### IV.   LEGAL ARGUMENT

A. <u>Plaintiff's Claims Are Subject to Mandatory Arbitration</u>

This Court should dismiss the claims brought by Plaintiff because all of the claims are subject to an arbitration clause executed by Plaintiff. *See Thompson v. Nienaber*, 239 F. Supp. 2d 478 ("The duty to arbitrate attaches not only to

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

59165278

controversies arising under the . . . Agreement, but also to disputes 'relating to' that agreement." *Sun Valley Ranch 308 Ltd.*, 231 Ariz. at 292. "'Relating to' is broader than 'arising from'." *Id.* "[I]t is often observed that the words 'relating to' in the arbitration context are given a broad construction." *Id.* (*citing Karl Storz Endoscopy-Am., Inc. v. Integrated Med. Sys., Inc.*, 808 So. 2d 999, 1013 (Ala. 2001)). Every claim brought by Plaintiff relates to the Agreement between Plaintiff and Pravati, and therefore is subject to the arbitration clause executed by Plaintiff.

Throughout the course of their relationship with Pravati, Respondents signed at least two agreements to arbitrate, one of which is embodied in Paragraph 21 of the Agreement itself, and the other of which appears in the term sheet that preceded the Agreement but later became incorporated into the Agreement as Schedule A (the "Term Sheet). *See* Exhibit A, pg. 18.

For its part, the Term Sheet provides for the arbitration of "**any dispute, claim or controversy arising out of or relating to this [T]erm Sheet, and any later Agreement, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate.**" *See* Exhibit A, pg. 21 at ¶ "Arbitration", emphasis added.

Section 21 of the Agreement is consistent, providing that "**all Disputed Claims, which shall include any dispute, controversy or claim that may arise between or among them in connection with, arising out of, or otherwise relating to this Agreement . . . shall be finally, conclusively and exclusively settled by binding arbitration in the State of Arizona in accordance with the arbitration rules (the 'Rules') of the American Arbitration Association**." *See* Exhibit A, pg. 12 at § 21(a). The Agreement further provides, in all bold and capitalized print, that "**EACH PARTY HEREBY EXPRESSLY WAIVES ITS RIGHT TO SEEK REMEDIES IN COURT**", that "[a]fter signing this Agreement, each Party understands it will not be able to bring a lawsuit," and that "[e]ach Party understands that this Agreement contains an agreement to arbitrate with respect to any dispute or need of interpretation

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

of this Agreement." *See* <u>Exhibit A</u>, pgs. 12-13 at §§ 21(a), (g).   These clauses unequivocally require that not just substantive issues, but also issues of arbitrability, be decided in arbitration.

"The duty to arbitrate attaches not only to controversies arising under the . . . Agreement, but also to disputes 'relating to' that agreement." *Sun Valley Ranch 308 Ltd.*, 231 Ariz. at 292. "'Relating to' is broader than 'arising from'." *Id.* "[I]t is often observed that the words 'relating to' in the arbitration context are given a broad construction." *Id.* (citing *Karl Storz Endoscopy-Am., Inc. v. Integrated Med. Sys., Inc.*, 808 So. 2d 999, 1013 (Ala. 2001)).

B.   <u>The Non-Signatory Defendants May Also Compel Arbitration</u>

Despite the effect of the arbitration provisions, Plaintiffs have filed two lawsuits – this Case and the collateral state court action. Plaintiffs have named certain non-signatories to the Agreement as Defendants in this case and the state court action, apparently in an effort to avoid the arbitration clause. Plaintiff is a signatory to the Agreement, as is Pravati. Defendants Pravati Capital, LLC; Arbitrage Capital Ventures, LLC; Binkley Properties, LLC; Hoyt Neal; and Robert Binkley (collectively, "Non-Signatory Defendants") are not signatories to the Agreement.  (Nor are they proper defendants at all, but that will be decided on the merits, in arbitration).

However, Plaintiff cannot escape an agreement to arbitration simply by adding nonsignatory parties to the suit. *See Sun Valley Ranch 308 Ltd. v. Robson*, 231 Ariz. 287 (App. 2012) ("The test for determining whether a nonsignatory can force a signatory into arbitration is different from the test for determining whether a signatory can force a nonsignatory into arbitration" (quoting *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 799 (8th Cir. 2005)).

Defendants are entitled to arbitrate the claims now being asserted by Plaintiffs for several reasons. As a threshold matter, "doubts about the arbitrability of disputes should be resolved in favor of arbitration.".  *See Sun Valley Ranch 308 Ltd.*, 231 Ariz. at 292.   Second, a signatory can be compelled to arbitrate at the non-signatory's

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

59165278

insistence under an estoppel theory – "*i.e.,* because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and the fact that claims were intimately founded in and intertwined with the underlying contract obligations." *Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC*, 622 F. Supp. 2d 825, 830-31 (N.D. Cal. 2007) (internal quotations omitted). That is, "estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory." *Id.* at 840. "**When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.**" *Id.* (quoting *CD Partners*, 424 F.3d at 798) (emphasis supplied).

"[W]here the conduct of a nonsignatory is substantially interdependent with the conduct of a signatory, unless the non-signatory is compelled to arbitrate arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Amisil Holdings Ltd.*, 622 F. Supp. 2d at 840. That is, "where a lawsuit against non-signatories is inherently bound up with claims against a signatory, the court should compel arbitration in order to avoid denying the signatory the benefit of the arbitration clause, and in order to avoid duplicative litigation which undermines the efficiency of arbitration." *Id.*

Such is the case here. Plaintiff has filed this suit against parties that are related to the signatory, Pravati SPV II, LLC, but are themselves non-signatories, including Pravati Capital, LLC (the "Related Entity") – an affiliate of Pravati SPV II, LLC – as well as Binkley Properties, LLC, which is alleged to be simply a passive investor in the Affiliated Entity; and Arbitrage Capital Ventures, LLC, which is alleged to be a managing investor in the Affiliated Entity. [Docket No. 7, ¶¶ 11, 13-14]. Plaintiff also raised these same claims against Defendant Robert Binkley, who is the managing investor of Binkley Properties, LLC and Defendant Hoyt Neal, who is an employee of

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

the Related Entity. [Docket No. 7, ¶¶ 12-13, 16]. The allegations against the Non-Signatory Defendants relate to the operative Agreement, and the claims against the Non-Signatory Defendants are wholly interdependent with the claims against the signatory, Pravati SPV II, LLC.

Mandating arbitration in these circumstances is the only way to ensure that the arbitration system works. It is not the law that a contracting party may escape an arbitration clause by simply filing spurious claims against non-signing individual employees, related businesses, or investors. *See Amisil Holdings Ltd.*, 622 F. Supp. 2d at 840 ("[A] signatory to an agreement cannot . . . have it both ways: it cannot on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but on the other hand, deny the arbitration provision's applicability because the defendant is a non-signatory."). Plaintiffs must arbitrate their claim(s) relating to the Agreement and any actions taken thereunder.

C.   Δll of Plaintiffs' Claims Relate to the Agreement Containing the Arbitration Clause

Whether against a signatory to the Agreement or a non-signatory to the Agreement, the claims made in this case arise out of, relate to and are connected directly to the Agreement. Plaintiffs allege that Pravati entered into the Agreement "never intend[ing] to comply with the Agreement," but instead it was all part of Defendants' scheme to "hold borrowers personally liable," "illegally transmit money, and engage in usury." [Docket No. 7 ¶¶ 56, 74-76]. Notwithstanding the effect of Plaintiffs' admission in their First Amended Complaint that they had indeed "entered a default status per the terms of the Agreement," Plaintiffs' claims in this case clearly relate to the same Agreement that has been arbitrated in detail. [Docket No. 7, ¶ 36]. When Pravati allegedly used "the mail and electronically" to further the bogus conspiracy that Plaintiffs allege, it was in connection with entering into the Agreement. [Docket No. 7, ¶ 59]. When Pravati wired funds to Plaintiffs, it was in connection with

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

11

the Agreement. When Pravati defaulted Plaintiffs, it was in connection with the Agreement. The alleged usury asserted by Plaintiffs arises directly out of the Agreement. When Pravati commenced Arbitration, which here is alleged as part of the scheme, the Arbitration was mandated by the Agreement. Clearly, these federal court allegations are premised upon alleged occurrences which resulted from or in connection with the Agreement.

Randolph was permitted to file these current claims as counterclaims in the Arbitration but elected not to do so. (*See* Exhibit C). The instant action appears to be an attempt by Plaintiff at an end-run around this waiver. AAA Commercial Rule ("Rule") R-5(b) provides that "[a] respondent may file a counterclaim at any time after notice of the filing of the Demand is sent by the AAA, subject to the limitations set forth in Rule R-6." Rule R-6, in turn, provides that counterclaims can be freely added prior to the appointment of the Arbitrator. After the Arbitrator's appointment, all that would have been required under Rule R-6 for Plaintiffs to assert the claims they now raise in this federal litigation is for Plaintiffs to obtain the consent of the Arbitrator. Plaintiffs do not and cannot allege that they ever even asked for such consent or otherwise attempted to raise these claims in the Arbitration. That the Plaintiffs failed to timely attempt to assert a counterclaim in the Arbitration does not now allow them to file new claims with this Court.

Despite failing to file counterclaims in the Arbitration, Plaintiff did raise some of these same arguments in the Arbitration, which were rejected. For instance, Plaintiff has already argued – and lost on – the issue of whether Pravati is a "money transmitter" under A.R.S. § 6-1202(A). [Docket No. 7, ¶¶ 51-53]. *See* Respondents' Reply to Claimant's Response to Respondents' Motion to Terminate Proceedings and Vacate Award filed in American Arbitration Association Case No. 01-19-0001-4311, a true and correct copy of which is attached hereto as Exhibit N, Argument § 2). Randolph has sifted through filings made by Pravati and its affiliates with the United States Securities and Exchange Commission ("S.E.C.") in search of alleged issues to exploit,

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

but they failed. *See Id.* at pg. 1). Randolph also argued, to no avail, in the Arbitration that "Pravati SPV II, LLC is one of 17 related companies all incorporated in Delaware. Only seven of those companies are registered with the Securities and Exchange Commission." (Id.). [*See also* Docket No. 7, ¶ 46]. The Arbitrator rejected every one of these arguments and has already ruled that "the Agreement is a valid and binding contract." *See* Exhibit C, pg. 4, ¶ 4. A collateral lawsuit is not the proper vehicle to challenge the Arbitrator's findings and conclusions, especially when the Superior Court of Arizona still retains jurisdiction over the Confirmation Case. To the extent the Plaintiffs disagree with the Award, they can seek relief in the Confirmation Case.

## V.   CONCLUSION

For the foregoing reasons, Pravati respectfully moves the Court to dismiss this case in its entirety.  Pravati also requests an award of its fees and costs in this matter, pursuant to the parties' Agreement.

RESPECTFULLY SUBMITTED this 3rd day of August, 2021.

GREENBERG TRAURIG, LLP


By:*/s/ Nicole M. Goodwin*
Nicole M. Goodwin
Adrianna Griego Gorton
*Attorneys for Defendants Robert Binkley, Hoyt Neal, Pravati SPV II, LLC; Pravati Capital, LLC; Arbitrage Capital Ventures, LLC; and Binkley Properties, LLC*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

59165278

1

## CERTIFICATE OF SERVICE

2

☒     I hereby certify that on August 3, 2021, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal
3     of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5                  Justin G. Randolph, Esq.
                 53 West Jackson Boulevard, Suite 1234
6                  Chicago, IL 60604
                 justin@randolph-holloway.com
7                  *Pro Se Plaintiff*

8

9

10                By: */s/ Tammy Mowen*
11                     Employee, Greenberg Traurig, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

59165278