**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin G Randolph, et al., | No. CV-21-00713-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Pravati SPV II LLC, et al., | |
| Defendants. | |

The Court now considers Defendants'[1] 12(b)(1) Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion"). (Doc. 44, ("Mot.").) For the following reasons, Defendants' Motion is granted.

**I.    BACKGROUND**

This case arises out of a contract dispute between Plaintiffs Justin Randolph and Andrew Williams, respectively and on behalf of their law practices,[2] and Defendants Pravati SPV II, LLC and Pravati Credit Fund III, L.P. ("Pravati"), litigation funders. (Am. Compl. ¶¶ 2–4.) Mr. Randolph and Mr. Williams are both lawyers who applied for and received loans from Pravati under funding agreements that contained identical mandatory

---

[1] Referring collectively to all Defendants, including Pravati SPV II, LLC; Alexander Chucri, the CEO of Pravati; Pravati Capital, LLC, another investment entity managed by Mr. Chucri; Binkley Properties, LLC, a member of Pravati Capital, LLC; Robert Binkley, a managing member of Binkley Properties, LLC; Ian Abaie, a lawyer for Pravati; Hoyt Neal, a lawyer for Pravati Capital, LLC who negotiated the funding agreement with Mr. Randolph; and Pravati Credit Fund III, L.P., which made the loan to Mr. Williams. (Doc. 40, Second Am. Compl. ("Am. Compl.") ¶¶ 11–19, 71.)

[2] Plaintiffs' law practices, the Law Office of Justin G. Randolph and the Williams L.G., P.L.C.C., are co-Plaintiffs. (Am. Compl. ¶¶ 8, 10.)

arbitration clauses. (*Id.* ¶¶ 20–21, 29–39, 71; Doc. 44, Exs. A, P ("Funding Contracts") ¶ 21.) Specifically, the clauses provide that:

> [A]ll Disputed Claims, which shall include any dispute, controversy or claim that may arise between or among them in connection with, arising out of or otherwise relating to this Agreement or the application, implementation, validity or breach of this Agreement or any provision of this Agreement (including, without limitation, claims based on contract, tort or statute), shall be finally, conclusively and exclusively settled by binding arbitration in the State of Arizona in accordance with the arbitration rules . . . of the American Arbitration Association (AAA) or any successor thereto then in effect. EACH PARTY HEREBY EXPRESSLY WAIVES ITS RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, WITH RESPECT TO ANY MATTER SUBJECT TO ARBITRATION PURSUANT TO THIS AGREEMENT.

(Funding Contracts ¶ 21).

Plaintiffs later breached or allegedly breached their respective funding agreements with Pravati. (Am. Compl. ¶¶ 44, 75.) Mr. Randolph conceded that he defaulted on his funding agreement, and Pravati filed a demand for arbitration of his default on May 8, 2019. (*Id.* ¶¶ 44–45.) Separately, Pravati filed a demand for arbitration on February 10, 2020 alleging that Mr. Williams had, *inter alia*, failed to comply with his funding agreement. (*Id.* ¶ 75.) Mr. Williams denied that he breached his funding agreement with Pravati. (*Id.* ¶¶ 76–78.)

After more than a year in arbitration, Mr. Randolph filed suit in this Court on April 23, 2021. (*Id.* ¶¶ 47–48; Doc. 1, Compl.) On September 10, 2021, Mr. Randolph filed a Second Amended Complaint, adding Mr. Williams and Mr. Williams's law practice as plaintiffs. (Am. Compl. ¶¶ 9–10.) Plaintiffs alleged that, through their behavior surrounding each funding agreement, Defendants violated and conspired to violate anti-racketeering laws codified in 18 U.S.C. §§ 1961(1), (5) and 1962(d). (*Id.* ¶¶ 81–99.) Defendants moved to dismiss the case on September 24, 2021, asserting that Plaintiffs' claims are subject to arbitration under the agreements' mandatory arbitration clauses. (Mot. at 2.) In their October 25, 2021 Response, Plaintiffs made various arguments to demonstrate that they are not bound to arbitrate their instant claims. (Doc. 54, Resp. in

Opp. to Defs.' Mot. ("Resp.") at 5–9.) On November 9, 2021, Defendants filed their Reply. (Doc. 55, Reply in Supp't. of Mot.) The Court held oral argument on the Motion on December 2, 2021. (*See* Doc. 57, Min. Entry.)

## II.     LEGAL STANDARD AND ANALYSIS

A Rule 12(b)(1) motion addresses a court's subject matter jurisdiction through a jurisdictional attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Such an attack is successful when, taking the allegations in the complaint as true, the complaint's allegations are insufficient on their face to invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

An arbitration clause, validly entered and specifically worded, can deprive a federal court of jurisdiction over a dispute. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Conversely, a party who has contracted to arbitrate a dispute may have relinquished the right to judicial review of that dispute. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). If arbitrability is contested, the AAA rules for commercial arbitration specify that "the arbitrator shall have the power to rule on . . . her own jurisdiction . . . [including] the arbitrability of any claim or counterclaim." *Commercial Rules*, American Arbitration Association, https://www.adr.org/sites/default/files/CommercialRules_Web-Final.pdf (last visited Dec. 8, 2021) ("AAA Rules").

Pointing to the arbitration clauses, Defendants persuasively argue that Plaintiffs agreed to arbitrate "all" disputes arising out of the agreements, including whether a dispute is arbitrable. (*See* Mot. at 11–12; Funding Contracts ¶ 21.) "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago*, 514 U.S. at 944 (quoting *AT&T Techs.*, 475 U.S. at 649). There is such evidence here, notwithstanding Plaintiffs' bare

assertion to the contrary. (*See* Resp. at 4–5.) Plaintiffs are sophisticated parties who contracted to arbitrate under the AAA rules, which provide that the arbitrator determines "the arbitrability of any claim or counterclaim." (*See* Funding Contracts ¶ 21); AAA Rules. As lawyers and law firms, Plaintiffs are capable of independently understanding and intending the implications of their agreements, including that the AAA rules leave arbitrability to the arbitrator. *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1061 (9th Cir. 2018) ("Because the parties here are sophisticated, and because they incorporated AAA rules into their arbitration agreement, they have clearly and unmistakably indicated their intent to submit arbitrability questions to an arbitrator."). Further, Plaintiffs never questioned or later objected to the jurisdiction of the arbitrator in earlier proceedings. (*See* Am. Compl.; Resp.) Quite the opposite, Plaintiffs detail that they previously attempted to bring claims regarding Defendants' alleged misconduct before the arbitrator, but the arbitrator found the claims irrelevant to the narrower arbitration at issue. (Resp. at 6–7); *c.f. First Options*, 514 U.S. at 946 (reasoning that a party's formal objection to an arbitrator's jurisdiction is evidence that the parties did not intend to submit arbitrability of a dispute to the arbitrator).

Given the clear evidence that the parties agreed arbitrability would be decided by an arbitrator, the Court finds that it does not have primary jurisdiction over Plaintiffs' claims. The Court therefore refrains from reaching the merits in any of Plaintiffs' remaining arguments, including that Defendants are estopped from arguing that Plaintiffs must arbitrate their claims. (Resp. at 5–9.)

### III. CONCLUSION

Because Plaintiffs and Defendants agreed to delegate the threshold question of arbitrability to an arbitrator, the Court grants Defendants' Motion.

**IT IS ORDERED** granting Defendants' 12(b)(1) Motion to Dismiss (Doc. 44.).

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees shall be decided pursuant to a motion filed in compliance with Local Rule of Civil Procedure 54.2. . . .

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment dismissing this case without prejudice.

Dated this 9th day of December, 2021.

_____
Susan R. Bolton
United States District Judge