**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN G. RANDOLPH, individually; et al.,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>PRAVATI SPV II LLC, a Delaware Limited Liability company with its principal business in Arizona; et al.,<br><br>        Defendants-Appellees. | No.    22-15709<br><br>D.C. No. 2:21-cv-00713-SRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 20, 2023**
Phoenix, Arizona

Before:  TALLMAN, OWENS, and BADE, Circuit Judges.

Justin Randolph and Andrew Williams, along with their respective law

practices (collectively, "Randolph"), appeal from the district court's award of

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

attorneys' fees and costs in favor of Appellees, former litigation funders and

affiliates (collectively, "Pravati").  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

Randolph sought and received litigation funding loans from Pravati.  In

agreeing to repay the funds, Randolph signed two contracts, each of which

contained mandatory arbitration clauses for disputed claims.  After Randolph

defaulted, Pravati initiated arbitration proceedings, and Randolph responded by

filing various amended complaints alleging that Pravati violated the Racketeer

Influenced and Corrupt Organizations Act ("RICO").  Pravati moved to dismiss

each complaint, arguing that the claims were subject to mandatory arbitration.  The

district court agreed, and ultimately dismissed Randolph's second amended

complaint without prejudice for an arbitrator to determine what, if any, claims

were arbitrable.  Pravati moved for attorneys' fees and costs, asserting that it was

the prevailing party, and the district court granted the motion for fees, in part.

On appeal, Randolph argues that the district court erred in awarding fees

because it failed to apply *Chang v. Chen*, 95 F.3d 27 (9th Cir. 1996) ("*Chang II*").

Randolph argues that *Chang II* provides that defendants cannot be awarded fees

when plaintiffs in a RICO action did not all sign the underlying contracts at issue

and the alleged pattern of racketeering was not based on any one contract.[1]  We

conclude that *Chang II* is inapplicable.

In *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) ("*Chang I*") *overruled on*

*other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (en

banc), after repeatedly trying and failing to bring a cognizable RICO claim,

plaintiffs' second amended complaint was dismissed without leave to amend.  *Id.*

at 1296.  Defendants then moved for attorneys' fees, which we denied in *Chang II*.

95 F.3d at 27.

In *Chang II*, we held that RICO "does not preclude prevailing defendants

from recovering attorneys' fees when specified by an agreement of the

parties."  *Id.* at 28.  However, in that case the parties had not entered into such an

agreement.  Instead, the alleged pattern of racketeering activity consisted of three

different real estate transactions, and each transaction was consummated by a

written contract with a clause stating that, in the event of legal action "arising out

of the execution of this agreement or the sale . . . , the prevailing party shall be

entitled to" reasonable attorneys' fees.  *Id.* (emphasis omitted).  We concluded that

because the plaintiffs asserted RICO claims, and not claims arising out of the

agreements related to the real estate transactions, and there was no agreement that

---

[1] Randolph is not contesting the district court's determination that an arbitrator must determine whether the claims are arbitrable.

3

all the plaintiffs signed, the defendants were not entitled to fees.  *Id.* at 28–29.

Here, however, neither the district court's order granting the motion to dismiss, nor the order awarding fees and costs, included a ruling on the merits of Randolph's RICO claims.  Instead, the district court's order awarding fees and costs was based solely on the interpretation and enforcement of the legal funding agreements, which provided that the prevailing party in an action to "enforce or interpret the terms of" the agreement "shall be entitled to" fees and costs.  Because the court ultimately agreed with Pravati's interpretation of the agreements' mandatory arbitration provisions, Pravati was the prevailing party and was entitled to attorneys' fees and costs.

**AFFIRMED.**